# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 7/23/2015

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT THE COURT OF APPEALS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/24/2015 11:52:45 AM
CHRISTOPHER A. PRINE
Clerk

TO:     14TH  COURT OF APPEALS

From:     **Deputy Clerk: PHYLLIS WASHINGTON**
          **Chris Daniel, District Clerk**
          **Harris County, T E X A S**

**CAUSE:**  2014-68886

**VOLUME** _____  **PAGE** _____  **OR**  **IMAGE #** 65164160 & 65204107

**DUE**  8/24/2015          **ATTORNEY** 24074787

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE  14TH COURT OF APPEALS**

**DATE JUDGMENT SIGNED:**     4/24/2015

**MOTION FOR NEW TRIAL DATE FILED**   5/22/2015

**REQUEST TRANSCRIPT DATE FILED**     NONE

**NOTICE OF APPEAL DATE FILED**       7/21/2015

**NUMBER OF DAYS: ( CLERKS RECORD )  120**
**FILE ORDERED:  YES ☐  NO ☐  IMAGED FILED:  YES ☐  NO ☐**

**CODES FOR NOTICE OF APPEAL:  BC, C, OA**

CHRIS DANIEL
Harris County, District Clerk

By: _/s/PHYLLIS WASHINGTON_
        **PHYLLIS WASHINGTON , Deputy**

BC     NOTICE OF APPEAL FILED
BG     NOTICE OF APPEAL FILED – GOVERNMENT
C      JUDGMENT BEING APPEALED
D -    ACCELERATED APPEAL
OA     NO CLERK'S RECORD REQUEST FILED
O      CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA     AMENDED NOTICE OF APPEAL

## CAUSE NO. 2014-68886

| | | |
|---|---|---|
| SHERIDAN HILLS DEVELOPMENTS L.P. | § § § | IN THE DISTRICT COURT |
| VS. | § § | HARRIS COUNTY, TEXAS |
| MIKE SULLIVAN, IN HIS OFFIICAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR/COLLECTOR | § § § § | 189TH JUDICIAL DISTRICT |

### DEFENDANT'S NOTICE OF APPEAL

Pursuant to Rule 25.1 of the Texas Rules of Appellate Procedure, notice is hereby given that Defendant Mike Sullivan, in his official capacity as Harris County Tax Assessor-Collector ("the Harris County Tax Assessor-Collector"), in the above-styled case, hereby appeal from the order, signed on April 24, 2015, denying the Defendant, Mike Sullivan, in his Official Capacity as Harris County Tax Assessor/Collector's Motion for Summary Judgment and Motion to Dismiss. This accelerated appeal is taken to the First or Fourteenth Court of Appeals at Houston, Texas. This is not a parental termination or child protection case, as defined in Rule 28.4 of the Texas Rules of Appellate Procedure.

Respectfully submitted,

VINCE RYAN
Harris County Attorney

*/S/ Patrick E. Nagorski*
PATRICK NAGORSKI
Assistant County Attorney
SBN 24074787
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5221
Fax: (713) 755-8924
patrick.nagorski@cao.hctx.net

ATTORNEY FOR DEFENDANT
MIKE SULLIVAN, IN HIS OFFICIAL
CAPACITY AS TAX ASSESSOR-
COLLECTOR FOR HARRIS COUNTY

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2015, a true and correct copy of the foregoing **NOTICE OF APPEAL** was served by facsimile, email, mail, or by hand delivered, to:

Hal R. Gordon
3272 Westheimer, Suite 16
Houston, Texas 77098
(713) 627-9800
hal@halgordonlaw.com

*/S/ Patrick E. Nagorski*
PATRICK E. NAGORSKI
Assistant County Attorney

NO. 2014-68886

| | | |
|---|---|---|
| SHERIDAN HILLS DEVELOPMENTS L.P. | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, T E X A S |
| MIKE SULLIVAN, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR/COLLECTOR | § § § | 189th    JUDICIAL DISTRICT |

ORDER

On this day came to be heard Defendant Mike Sullivan's, In His Official Capacity as Harris County Tax Assessor/Collector Motion for Summary Judgment and Motion to Dismiss, as well as Plaintiff's Response thereto and Plaintiff's Motion for Reconsideration of its Motion for Interlocutory Summary Judgment. The Court having considered the parties' pleadings and motions on file in this case, as well as oral arguments heard on March 16, 2015, and this date, is of the opinion that Defendant's Motion for Summary Judgment and Motion to Dismiss should be denied, and that Plaintiff's Motion for Reconsideration of it Motion for Interlocutory Summary is granted.

**FILED**
Chris Daniel
District Clerk

APR 24 2015

Time: _____
Harris County, Texas

It is therefore,

ORDERED, that the Defendant, MIKE SULLIVAN'S, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR/COLLECTOR Motion for Summary Judgment and Motion to Dismiss is denied; and

IT IS FURTHER ORDERED, that Plaintiff's Motion for Interlocutory Summary Judgment is GRANTED.

IT IS FURTHER ORDERED, that the Defendant, MIKE SULLIVAN, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR/COLLECTOR refund

to the Plaintiff a total amount of $102,754.40 representing penalties and interest paid to the Defendant for the tax year 2013, plus interest thereon as required by the Texas Tax Code.

~~IT IS FURTHER ORDERED that the Defendant void the illegal assessment of penalties and interest for tax year 2013 on Harris County Appraisal District Account No. 1237000010001;~~

IT IS FURTHER ORDERED that the amount of attorney's fees to which the Plaintiff is entitled shall be determined at a later date.

SIGNED this the ⟋⟍ of ⟍April⟋, 2015.

⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍
JUDGE PRESIDING



**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

NO. 2014-68886

| | | |
|---|---|---|
| SHERIDAN HILLS DEVELOPMENTS | § | IN THE DISTRICT COURT OF |
| L.P. | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MIKE SULLIVAN, IN HIS OFFICIAL | § | |
| CAPACITY AS HARRIS COUNTY | § | |
| TAX ASSESSOR/COLLECTOR | § | 189th JUDICIAL DISTRICT |

## ORDER

On this day came to be heard Defendant Mike Sullivan's, In His Official Capacity as Harris County Tax Assessor/Collector Motion for Summary Judgment and Motion to Dismiss, as well as Plaintiff's Response thereto and Plaintiff's Motion for Reconsideration of its Motion for Interlocutory Summary Judgment. The Court having considered the parties' pleadings and motions on file in this case, as well as oral arguments heard on March 16, 2015, and this date, is of the opinion that Defendant's Motion for Summary Judgment and Motion to Dismiss should be denied, and that Plaintiff's Motion for Reconsideration of it Motion for Interlocutory Summary is granted.

It is therefore,

ORDERED, that the Defendant, MIKE SULLIVAN'S, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR/COLLECTOR Motion for Summary Judgment and Motion to Dismiss is denied; and

IT IS FURTHER ORDERED, that Plaintiff's Motion for Interlocutory Summary Judgment is GRANTED.

IT IS FURTHER ORDERED, that the Defendant, MIKE SULLIVAN, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR/COLLECTOR refund

**FILED**
Chris Daniel
District Clerk

APR 24 2015

Time: _____
Harris County, Texas

to the Plaintiff a total amount of $102,754.40 representing penalties and interest paid to the Defendant for the tax year 2013, plus interest thereon as required by the Texas Tax Code.

~~IT IS FURTHER ORDERED that the Defendant void the illegal assessment~~ *WRB*
~~of penalties and interest for tax year 2013 on Harris County Appraisal District Account~~
~~No. 1237000010001;~~

~~IT IS FURTHER ORDERED that the amount of attorney's fees to which~~ *WRB*
~~the Plaintiff is entitled shall be determined at a later date.~~

SIGNED this the 24 of April , 2015.

JUDGE PRESIDING

**CAUSE NO. 2014-68886**

| | | |
|---|---|---|
| SHERIDAN HILLS DEVELOPMENTS L.P. | § § § | IN THE DISTRICT COURT |
| VS. | § § | HARRIS COUNTY, TEXAS |
| MIKE SULLIVAN, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR/COLLECTOR | § § § § | 189TH JUDICIAL DISTRICT |

## MOTION FOR RECONSIDERATION AND TO MODIFY THE JUDGMENT CONCERNING INTEREST

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Mike Sullivan, in his official capacity as Harris County Tax Assessor-Collector ("the Harris County Tax Assessor-Collector"), in the above entitled and numbered cause, and, without waiving the Defendant's claim for the full amount owed, including penalties, as provided in the Defendant's Motion for Summary Judgment and Motion to Dismiss, files this Motion for Reconsideration and to Modify the Judgment Concerning Interest and would show unto the Court the following:

**I.      The order decided in this case should be reconsidered and modified to require Plaintiff Sheridan Hills to reimburse the Harris County Tax Assessor-Collector for outstanding interest owed, because interpreting the Tax Code to allow Plaintiff to avoid paying outstanding interest is an unconstitutional gift of free credit that violates Article III, Section 52 of the Texas Constitution.**

The Texas Tax Code clarifies that notwithstanding the procedural right given to taxpayers to challenge tax assessments based on particular valuations, a taxpayer remains obligated to pay outstanding interest owed to the taxing unit based on the ultimate assessment determined in the challenge process. *See* Tax Code Ann. Sec. 33.01(c) (West 2015). In this connection, the Tax Code confirms this is required because the "interest" is necessary to compensate "the taxing unit for revenue lost because of the delinquency". Tex. Tax Code Ann. Sec. 33.01(c) (West

1

2015). The order entered in this case construes the Tax Code to permit Plaintiff to avoid paying any of the revenue lost on the ultimate valuation despite this clarification in the law. Such interpretation is incorrect, because it violates the Constitution; and, as provided by the Code Construction Act, cannot be presumed the intent of the legislature. *See* Tex. Gov't Code Ann. Sec. 311.021(1) (West 2015)

In particular, Tex. Const. art. 3, Sec. 52(a) states in pertinent part as follows:

(a) "Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State **to lend its credit or to grant public money** or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company..."

Tex. Const. Ann. art. 3, Section 52(a) (West 2015) (emphasis added). As indicated, this constitutional provision clearly prohibits the Legislature from enacting any law that would permit the State, a county or any other political subdivision to lend credit or public money to a person. In the present case, after the proper valuation was determined, it was the taxpayer's obligation under the Tax Code to ensure the correct amount was paid, plus penalties and interest, based on the clear language of the Tax Code. Construing the Tax Code otherwise to permit the Harris County Tax Assessor-Collector to extend free credit to Plaintiff amounts to an unconstitutional interpretation that requires the Harris Tax Assessor-Collector to lend credit on tax money owed to the county for free. That is not permitted under the Constitution, and could not be the intent of the Tax Code. Reconsideration and modification should be granted in this case, so that a proper interpretation of the Tax Code can be applied.

2

**II. The order decided in this case should be reconsidered and modified to require Sheridan Hills to reimburse the Harris County Tax Assessor-Collector for outstanding interest owed, because interpreting the Tax Code to allow Sheridan Hills to avoid paying outstanding interest is an illegal release of indebtedness that violates Article III, Section 55 of the Texas Constitution.**

Plaintiff's interpretation violates another provision of the Texas Constitution: Article III, Section 55. Tex. Const. art. 3, Sec. 55 states:

> The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years.

Tex. Const. Ann. art. 3 Sec. 55 (West 2015). As indicated, this constitutional provision clearly prohibits the Legislature from releasing or extinguishing the debt of any corporation or individual to the State, a county, or another political subdivision. In the present case, Plaintiff owed interest on its tax bill to Harris County and the other political subdivisions served by the Harris County Tax Assessor-Collector. The Legislature does not have the constitutional power to release Plaintiff from its indebtedness unless Plaintiff was ten years delinquent on its taxes-- Plaintiff's interpretation of Tex. Tax Code Sec. 42.42(c) allowing it to avoid paying interest it owes is absurd and unconstitutional. Reconsideration and modification should be granted in this case, so that a proper interpretation of the Tax Code can be applied.

3

**III.** **In the interest of equity, this Court should reconsider and modify its previous order to require Sheridan Hills to reimburse the Harris County Tax Assessor-Collector for outstanding interest owed because the taxing units served by the Harris County Tax Assessor-Collector deserve compensation for the lost opportunity to use the revenue Plaintiff withheld from February 1 to June 16.**

Harris County and the other local taxing units served by the Harris County Tax Assessor-Collector did not have use of the tax money Plaintiff withheld after the February 1 delinquency date. Plaintiff enjoyed the use of this money during the entire pendency of its appeal. This tax money was properly owed to the taxing units. It is not fair or equitable for Plaintiff to file a lawsuit, delay paying its properly owed taxes past the delinquency date, enjoy the use of this same money, and then avoid paying interest to compensate the taxing units for the deprivation of the money Plaintiff owed them.

Furthermore, if Plaintiff had paid the full tax liability in perfecting its appeal, won, and received a reduced tax liability, then the taxing units served by the Harris County Tax Assessor-Collector would have to refund Plaintiff the difference *with interest*. *See* Tex. Tax Code Ann. Sec. 42.43 (West 2015). It is simply not fair or equitable for Plaintiff to delay paying tax money properly owed to the taxing units without owing interest if, were the shoe on the other foot, Plaintiff would get interest in return in a refund.

This Court should reconsider and modify its previous order and charge Plaintiff interest to compensate these taxing units for the use of this money at the rate that the statute prescribes: 1% per month following February 1, 2014 until the date of completed payment. *See* Tex. Tax Code Ann. Sec. 33.01(c) (West 2015). Based on that statutory instruction, the total amount of interest owed by Plaintiff for the corrected tax levy, based on the two separate dates of payment, would be $35,393.19. *See* Exhibit 1, Affidavit of Elizabeth Doss, for further explanation.

4

## PRAYER

DEFENDANT MIKE SULLIVAN, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR-COLLECTOR, without waiving Defendant's claim for the full amount owed, including penalties, as provided in the Defendant's Motion for Summary Judgment and Motion to Dismiss, prays that this Honorable Court GRANT this Motion for Reconsideration and Modify the Judgment on the Issue of Interest and ORDER modification of this Court's judgment to reflect Plaintiff is responsible and liable for the interest on the remaining tax it finally paid for the 2013 Tax Year, which calculates at the amount of $35,393.19, and grant all further relief to which the Harris County Tax Assessor-Collector is entitled at law and equity.

Respectfully submitted,

OF COUNSEL:

VINCE RYAN
HARRIS COUNTY ATTORNEY

/S/ Patrick Nagorski
PATRICK NAGORSKI
State Bar No. 24074787
1019 Congress Ave, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5221
Facsimile: (713) 755-8924
patrick.nagorski@cao.htx.net
Assistant County Attorney

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2015, a true and correct copy of the foregoing DEFENDANT MIKE SULLIVAN, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY TAX ASSESSOR-COLLECTOR, MOTION FOR RECONSIDERATION ON THE ISSUE OF INTEREST was served by facsimile, email, mail, or by hand delivery to:

Hal R. Gordon
3272 Westheimer, Suite 16
Houston, Texas 77098
(713) 627-9800
hal@halgordonlaw.com

*/S/ Patrick Nagorski*
PATRICK E. NAGORSKI
Assistant County Attorney

6

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM     JUL 24, 2015(C1)
INT6510                   CIVIL CASE INTAKE               OPT: _____ -  INT
                       GENERAL PARTY INQUIRY              PAGE:   1  -    1

CASE NUM: 201468886__ PJN> __  TRANS NUM: _____ CURRENT COURT: 189 PUB? _
CASE TYPE: DECLARATORY JUDGMENT         CASE STATUS: DISPOSED (FINAL)
STYLE: SHERIDAN HILLS DEVELOPMENTS L P   VS SULLIVAN, MIKE (IN HIS OFFICIAL C
==============================================================================
                      **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR       PERSON NAME            PTY    ASSOC. ATTY
  NUM   NUMBER                                        STAT
_    00002-0001 DEF 24074787 SULLIVAN, MIKE (IN HIS OFFICIA    NAGORSKI, PAT
_    00001-0001 PLT 08198500 SHERIDAN HILLS DEVELOPMENTS L     GORDON, HAL R




==> (2) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR. 10=REFRESH   11=HELP
```